# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
*GAINESVILLE DIVISION*

JOSEPH E. ALTIER and
JODELL M. ALTIER,

    Plaintiffs,

vs.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and SUNTRUST
BANK, N.A., *et al.*

    Defendants.

_____ /

CASE NO.

(Alachua County Court Case #: 2013-CA-00263)

## NOTICE OF REMOVAL

Defendants, SUNTRUST BANK, N.A. ("STB") and SUNTRUST MORTGAGE, INC. ("STM") (collectively, "SUNTRUST" or "Defendants"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the action currently pending in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida, styled *Joseph E. Altier and Jodell M. Altier vs. Federal National Mortgage Association ("Fannie Mae") and SunTrust Bank, N.A., et al.*, Case No.: 2013-CA-00263 (the "State Court Action") to the United States District Court for the Northern District of Florida. The Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida, is within the Northern District of Florida and within this division. In support, the Defendants state:

## I. FACTS IN SUPPORT OF REMOVAL

  1. Plaintiffs, Joseph E. Altier and Jodell M. Altier ("Plaintiffs"), filed their Complaint for Quiet Title (the "Complaint") on or about January 18, 2013 in the State Court Action.

2.      Service was not effectuated upon any of the Defendants in the State Court Action.

3.      On or about July 16, 2013, Plaintiffs filed their Amended Complaint for Quiet Title (the "Amended Complaint") in the State Court Action.

4.      Notwithstanding the style of the State Court Action, it appears the Plaintiffs also intended to name Mortgage Electronic Registration Systems, Inc. ("MERS") as a party Defendant in the instant action. *See* Amended Complaint ¶7[1].

5.      On August 5, 2013, SUNTRUST received service of the Summons and Amended Complaint in this matter.

6.      No process has been served on either Fannie Mae or MERS as of this date rendering their consent to removal unnecessary. *See* 28 U.S.C. § 1446(b)(2)(A); *see also Johnson v. Elizabeth R. Wellborn, P.A.*, 418 Fed. Appx. 809, 815 (11th Cir. 2008) ("[T]he requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served.")

7.      SUNTRUST is therefore timely filing this Notice of Removal pursuant to 28 U.S.C. § 1446(b).

8.      Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court may be removed to the appropriate federal district court where the federal court has original jurisdiction over the action. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil

---

[1]    Plaintiffs do not name MERS as a party Defendant in the caption of the State Court Action; however in the body of their Amended Complaint, MERS is identified as "Defendant, MERS, Inc., is a foreign Corporation." In an abundance of caution, SUNTRUST would advise the Court MERS is a foreign corporation and that there is complete diversity amongst all parties, assuming MERS is in fact a party Defendant in this action.

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

action in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

9.      Plaintiffs are citizens of the State of Florida. *See* Amended Complaint ¶¶ 3,4.  STB is a citizen of the State of Georgia. *See* Amended Complaint ¶5.[2]  STM is a citizen of the State of Virginia.[3]  Fannie Mae is a citizen of both Delaware and the District of Columbia.[4]  MERS is a citizen of both Delaware and Virginia[5].  *See* 28 U.S.C. 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

10.     Accordingly, there is complete diversity of citizenship between all Plaintiffs and all Defendants.

---

[2]      While Plaintiffs have alleged STB is a Florida corporation, the corporate documents from both the Florida Division of Corporation and the Georgia Corporations Division conclusively prove that STB is incorporated and maintains its principal place of business in Georgia. Copies of the face pages of the relevant corporate documents are attached hereto as **Composite Exhibit "A."** Upon the Court's request, the undersigned will provide full and complete copies of the relevant corporate documents.

[3]      Notwithstanding that Plaintiffs have named SUNTRUST BANK ,N.A. as the only SUNTRUST entity in the State Court Action, a review of the docket in the State Court Action reveals STM to be a party Defendant. Further, the Plaintiffs have attached a Mortgage, presumptively the one they seek to invalidate, to their Amended Complaint that names STM as the Lender on same.  As such, and in an abundance of caution, STM is appearing as a party Defendant in order to protect any interests it may have in the underlying matter. Additionally, STM is a Virginia corporation and the corporate documents from the Florida Division of Corporations conclusively prove same. Copies of the relevant corporate documents are attached hereto as **Exhibit "B."**

[4]      While Plaintiffs have improperly failed to allege the citizenship of Fannie Mae, they have alleged Fannie Mae "maintains numerous offices for the conduct of regular and continuous business within the State of Florida." *See* Amended Complaint ¶6. Notwithstanding, the corporate bylaws of Fannie Mae conclusively prove that Fannie Mae is incorporated in Delaware, with its principal place of business in the District of Columbia. A copy of the face page of Fannie Mae's Bylaws, as amended through January 30, 2009, is attached hereto as **Exhibit "C."** Upon Court request, the undersigned will provide full and complete copies of the relevant corporate documents.

[5]      See Amended Complaint ¶7.

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

11.     Plaintiffs' Amended Complaint is an action to quiet title seeking to invalidate STM's first mortgage recorded on November 8, 2005 in the Official Records of Alachua County at Book 3255, Page 1361 (the "Mortgage")[6].  The face value of the Mortgage at issue is $166,000.00. Accordingly, the amount in controversy in the instant matter exceeds $75,000.  A copy of the Mortgage at issue herein is attached hereto as **Composite Exhibit "D."**

12.     As there is complete diversity of citizenship amongst the parties, and the amount in controversy exceeds $75,000.00, the District Court, pursuant to 28 U.S.C. § 1332(a), has original jurisdiction over this matter.

13.     The Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida, is located within the Northern District of Florida and within this division.  As such, venue is proper in the Northern District of Florida, Gainesville Division.

14.     In accordance with 28 U.S.C. § 1446(a), the Defendants have contemporaneously filed copies of all process, pleadings, and orders served on SUNTRUST in the State Court Action. Copies of these documents are attached hereto as **Composite Exhibit "E."**

15.     In accordance with 28 U.S.C. § 1446(d), the Defendants have contemporaneously filed a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eighth Judicial Circuit in and for Alachua County.  A true and correct copy of the Notice of Filing Notice of Removal filed with the State Court is attached hereto as **Exhibit "F."**

---

[6]     Prior to the filing of the Complaint, in March, 2012, SUNTRUST service released this loan to Seterus Loan Servicing.  Therefore, SUNTRUST has no interest in the subject real property.

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

16.     The Defendants have also served a copy of this Notice of Removal upon the Plaintiffs and all counsel of record.  A true and correct copy of the Notice to Plaintiffs is attached hereto as **Exhibit "G."**

## II.     MEMORANDUM OF LAW IN SUPPORT OF DIVERSITY JURISDICTION

A federal district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs."  28 U.S.C. § 1332(a).

### A.     THE PARTIES HAVE COMPLETE DIVERSITY OF CITIZENSHIP

The parties in the instant matter are citizens of different states as set forth in 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

For purposes of citizenship, a corporation "shall be deemed to be a citizen of any State where it has been incorporated and of the State where it has its principal place of business." *Picoe v. Argent Mortg. Co., LLC*, 2012 WL 6619052, at *1 (M.D. Fla. 2012)(internal citations omitted).  In the instant matter, STB is incorporated and maintains its principal place of business in Georgia and, as such, is a citizen of Georgia.  STM is incorporated and maintains its principal place of business in Virginia and, as such, is a citizen of Virginia.  Fannie Mae is incorporated in Delaware and maintains its principal place of business in the District of Columbia and, as such, is a citizen of both Delaware and the District of Columbia.  MERS is incorporated in Delaware and maintains its principal place of business in Virginia and, as such, is a citizen of both Delaware and Virginia.  The Plaintiffs are

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

citizens and are domiciled in the State of Florida.  Accordingly, all Plaintiffs are diverse from all Defendants, and no Defendant is a citizen of the State of Florida, which establishes complete diversity amongst the parties to this action.

**B.**     **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

"The value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Leonard v. Enterprise Rent a Car*, 279 F. 3d 967, 973 (11th Cir. 2002); *see also Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F. 3d 216, 218 (11th Cir. 1997).  The amount in controversy is "the value of the relief being sought by Plaintiff in its complaint." *Viacom, Inc. v. Zebe*, 882 F. Supp. 1063, 1065 (S.D. Fla. 1995).  In an action to quiet title to real property involving a mortgage, the amounts payable under the Mortgage and the value of the Property are relevant to a determination of the amount in controversy.  See *Prop. Choice Group, Inc. v. LaSalle Bank Nat. Ass'n*, 2012 WL 2568138, at *1 (M.D. Fla. 2012) (holding that the value of the mortgage at issue in a quiet title action determines the amount in controversy); *Ra'oof v. U.S. Bank*, 2010 WL 4975496, at *1 (N.D. Ga. 2010) (holding that the value of the property that the plaintiff seeks to protect in a quiet title action determines the amount in controversy); *Diversified Mortg., Inc. v. Merscorp, Inc.*, 2010 WL 1793632, at *2 (M.D. Fla. 2010) (holding that the face value of the mortgages determines the amount in controversy).

In this case, Plaintiffs seek to quiet title to their property as described within the Amended Complaint.  The Plaintiffs acknowledge obtaining a mortgage on the subject property from SUNTRUST and attach a copy of same as Exhibit "B" to the Amended Complaint.  By attaching a

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

copy of the Mortgage as an exhibit to the Amended Complaint, the Mortgage is considered to be a part of the Amended Complaint for all purposes. *See* Fed. R. Civ. P. 10(c); *see also Jordan v. Miami-Dade County*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006). The Mortgage provides, *inter alia*, that: "'Note' means the promissory note signed by Borrower and dated November 3, 2005. The Note states that Borrower owes Lender One Hundred Sixty Six Thousand and no/100 Dollars (U.S. $166,000.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than November 1, 2035." Accordingly, by virtue of the stated amount of the Mortgage, the Plaintiffs have admitted the amount in controversy exceeds $75,000.00.

Alternatively, the value of the property at issue in this case also establishes that the amount in controversy exceeds $75,000.00. Pursuant to the Alachua County Office of the Property Appraiser, the assessed value of the subject property for the tax year 2013 is $123,200.00. Accordingly, the value of the subject property at issue in this case also exceeds the $75,000.00 amount in controversy requirement of 28 U.S.C. § 1332(a). A copy of the Alachua County Property Appraiser's valuation of the subject property is attached hereto as **Exhibit "H."**

## III. PROCEDURAL REQUIREMENTS AND LOCAL RULES

1.   Removal to Proper Court. This Court is part of the "district and division" embracing the place where this action was filed – Alachua County, Florida. *See* 28 U.S.C. §1446(a).

2.   Removal is Timely. Plaintiffs served the Amended Complaint on SUNTRUST on August 5, 2013. Therefore, this Notice is timely within 30 days of service. *See* U.S.C. § 1446(b).

3.    <u>Pleadings and Process</u>. Attached hereto as **Composite Exhibit "E"** are copies of all process, pleadings, and order served upon Defendants in the State Court action. *See* 28 U.S.C. §1446(a).

4.    <u>Notice</u>. Attached hereto as **Exhibit "G"** is a copy of a Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiff and all counsel of record and filed with the Clerk of the Circuit Court of in and for Alachua County, Florida. *See* 28 U.S.C. §1446(d).

5.    <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. §1446(a).

6.    Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681.

7.    Defendants expressly reserve the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

WHEREFORE, Defendants requests that this action be removed from the Circuit Court in and for Alachua County, Florida to the United States District Court for the Northern District of Florida.

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Attorneys for SunTrust Bank, N.A., and
SunTrust Mortgage, Inc.
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400

By: _____
      JACOB E. MITRANI
      Florida Bar No. 0715581
      jem@lgplaw.com
      DAVID H. HAFT
      Florida Bar No. 68992
      dhh@lgplaw.com